# ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
Coherent Logix, Inc. ) ASBCA No. 59725
)
Under Contract Nos. FA8650-05-C-1825 )
W911QX-06-C-0002 )
N00039-08-C-0092 )
FA8750-05-C-0005 )
FA9453-05-C-0029 )
W15QKN-04-C-1159 )
W15QKN-06-C-0219 )
W15P7T-07-C-L610 )

APPEARANCE FOR THE APPELLANT: Daniel C. Minutillo, Esq.
 Minutillo, A Professional Law Corporation
 San Jose, CA

APPEARANCES FOR THE GOVERNMENT: E. Michael Chiaparas, Esq.
 DCMA Chief Trial Attorney
 Joseph D. Keller, Esq.
 Trial Attorney
 Defense Contract Management Agency
 Chantilly, VA

## OPINION BY ADMINISTRATIVE JUDGE O'SULLIVAN ON APPELLANT'S MOTION FOR RECONSIDERATION

Appellant Coherent Logix, Inc. (CLX) has timely moved for reconsideration of the Board's 2 April 2015 decision denying its appeal. *Coherent Logix, Inc.*, ASBCA No. 59725, 15-1 BCA ¶ 35,947.[1] CLX appealed the administrative contracting officer's (ACO's) decision not to waive the penalty assessed on expressly unallowable patent legal fees included in CLX's 2007 incurred cost submission, arguing both that the government's claim was untimely under the Contract Disputes Act's (CDA's) six-year statute of limitations, and that the ACO erred in declining to waive the penalty.

---

[1] This appeal was decided under Board Rule 12.2 and shall have no value as precedent, and in the absence of fraud, shall be final and conclusive and may not be appealed or set aside.

Both arguments were based on CLX's assertion that patent legal fees were claimed in its prior (2005 and 2006) incurred cost submissions, and thus the government was aware that CLX was claiming reimbursement of patent legal fees and had approved payment of these costs in 2005 and 2006. From this, CLX argued that the government therefore was aware at the time CLX submitted its 2007 incurred cost submission on 13 August 2008 that the submission contained the patent legal costs at issue and so its claim accrued on that date, making the ACO's final decision assessing penalties, dated 21 November 2014, untimely. *Coherent Logix*, 15-1 BCA ¶ 35,947 at 175,678. Alternatively, CLX argued that the government's awareness of and payment of the patent legal fees in the 2005 and 2006 incurred cost submissions led CLX to believe that the costs were allowable, rendering its inclusion of these expressly unallowable costs in its 2007 submission "inadvertent" and thus qualifying for a penalty waiver under FAR 42.709-5(c). *Id.* at 175,679. CLX did not contest either the expressly unallowable nature of the costs at issue nor the ACO's initial assessment of the penalty. *Id.* at 175,677.

We found that CLX failed to establish that it claimed patent legal fees for reimbursement in 2005 or 2006, or that the government knowingly reimbursed such costs. Thus we could not conclude (a) that the government had reason to know at the time CLX initially submitted its 2007 incurred cost submission that it was claiming patent legal fees; or (b) that the government had misled CLX in any way as to the allowability of the costs by "approving" such costs for payment in either 2005 or 2006 so as to render CLX's inclusion of the costs in its 2007 submission "inadvertent." *Coherent Logix,* 15-1 BCA ¶ 35,947 at 175,679-80.

Reconsideration is not intended to provide a party with the opportunity to reargue issues that were previously raised and decided. *Precision Standard, Inc.*, ASBCA No. 59116, 15-1 BCA ¶ 36,155 at 176,448. The moving party must show a compelling reason why this Board should alter its decision. *Id.* (citing *ADT Construction Group, Inc.*, ASBCA No. 55358, 14-1 BCA ¶ 35,508). In determining whether a party has made such a showing, we look to whether there is newly discovered evidence, mistakes in our findings of fact, or errors of law. *Id.* (citing *J.F. Taylor, Inc.*, ASBCA Nos. 56105, 56322, 12-2 BCA ¶ 35,125; and *Robinson Quality Constructors*, ASBCA No. 55784, 09-2 BCA ¶ 34,171).

The gist of CLX's motion is that the Board has made an error in its findings of fact. CLX's argument may be summarized as: the Board only considered patent legal costs that were expensed (2007) and not those that were amortized (2005-2006) (app. mot. at 2); and, the Board erred in finding that patent legal fees were not included in Amortization IP for purposes of CLX's 2005 and 2006 submissions (*id.* at 4). In support of its contention, CLX cites to sections of the affidavits of Messrs. Gorsuch and Baggett previously considered and cited by the Board in its decision.

2

CLX had the burden of proof on both (1) its affirmative defense that the government's claim was time barred, and (2) its claim that the ACO erred in declining to waive the penalty. We examined the affidavits and supporting documentation submitted by CLX and we were unable to conclude that the costs at issue were claimed by CLX for reimbursement in either the 2005 or 2006 ICE. *Coherent Logix*, 15-1 BCA ¶ 35,947 at 175,679. CLX's motion for reconsideration, as stated above, attacks this factual finding. It is important to understand, however, that even if we had been able to find that the costs were included in the two prior years' proposals, that fact standing alone would not have been sufficient for us to find in CLX's favor in this appeal. CLX's asserted defense to the government's assessment of penalties rested ultimately on being able to establish that the government knew or should have known that the patent legal fees were included in its 2007 incurred cost submission, thus beginning the claim accrual clock at the time of the submission, or alternatively, that CLX "inadvertently" included unallowable costs in its proposal in detrimental reliance on government conduct (acceptance of the patent legal fees for payment in prior years) that led it to reasonably believe that the costs were allowable. CLX did not carry its burden of proof on either of these two elements of its case.

In our original decision, we found that patent legal fees were included in CLX's 2007 incurred cost submission but that "there is nothing in the record to indicate that this fact would have been apparent to the government from a review of the submitted proposal, which simply listed 'Legal Fees' of $89,196 on Schedule B." *Coherent Logix*, 15-1 BCA ¶ 35,947 at 175,678. Moreover, the DCAA auditor affirmed that the general ledger detail that would have revealed the inclusion of patent legal costs was not included in CLX's 2007 incurred cost submission and was not provided to the government until it was requested and received on 1 August 2013. *Id.* at 175,679.

With respect to the 2005 and 2006 incurred cost submissions, and accepting for purposes of this decision CLX's assertion that patent legal costs were included in the expense category of Amortization IP for both of those years,[2] we still find nothing in the record to indicate that this fact would have been apparent to the government from the incurred cost submissions themselves. And while CLX states that the general ledger detail showing the patent legal fees was "available" to the DCAA auditors, the record is devoid of any evidence that DCAA or any other representative of the government was aware that such costs were included, let alone knowingly approved them. Thus, CLX's alleged reliance on the government's purported "approval" of the patent legal fees for

---

[2] CLX argues in its motion that the Board considered only the Legal Fees general ledger account and not the Amortization IP general ledger account in its original decision, but our decision is clear that we looked at both accounts and did not see where CLX had included the Meyertons' legal fees in its incurred cost submissions for either 2005 or 2006. *Coherent Logix*, 15-1 BCA ¶ 35,947 at 175,678.

payment in 2005 and 2006 (leading it to believe that such costs were allowable in 2007) was patently unreasonable.

Moreover, even if CLX had identified its unallowable patent legal costs in its 2005 and 2006 submissions to the government and the government had unaccountably approved them for payment, we do not think this would allow CLX to escape the penalty for including the costs in its 2007 submission. Congress enacted the penalty provisions specifically to ensure that contractors, not the government, bear the burden of assuring that their submissions for reimbursement of costs on government contracts do not contain expressly unallowable costs. *General Dynamics Corp.*, ASBCA No. 49372, 02-2 BCA ¶ 31,888 at 157,568 (the penalty provisions of 10 U.S.C. § 2324 were a response to Congressional concerns that there was little incentive for contractors to eliminate unallowable costs from complex cost submissions).

## CONCLUSION

For the reasons stated, CLX's motion is denied.

Dated: 25 May 2016

LYNDA T. O'SULLIVAN
Administrative Judge
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59725, Appeal of Coherent Logix, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

4